UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 17-160

MELVIN WALKER                                  SECTION "R" (4)


**<u>ORDER AND REASONS</u>**

Before the Court is the government's motion to amend the Court's November 13, 2019, judgment[1] to correct a clerical error regarding forfeiture.[2] Because defendant had notice of the forfeiture prior to sentencing, and because his plea agreement was contingent on the forfeiture of the weapons in question, the Court grants the motion.

The government specifically requests that the Court amend its judgment to add a checkmark next to the item stating: "The defendant shall forfeit the defendant's interest in the following property to the United States" and to include in the judgment a description of the property listed in the Court's preliminary order of forfeiture.[3] The Court must generally orally pronounce the order of forfeiture at sentencing or "otherwise ensure that the

---

[1]  R. Doc. 80.
[2]  R. Doc. 90.
[3]  R. Doc. 90; *see also* R. Doc. 46 (preliminary order of forfeiture).

defendant knows of the forfeiture at sentencing." Fed. R. Crim. P. 32.2(b)(4)(B). Courts have held that where a defendant has adequate notice of forfeiture, a judgment may be amended under Federal Rule of Criminal Procedure 36, even where the Court does not orally pronounce the forfeiture at sentencing. *See United States v. Gomez*, 548 F. App'x 221, 227 (5th Cir. 2013) (upholding an order of forfeiture in a final judgment that was not orally pronounced at sentencing where the defendant had knowledge of the forfeiture prior to sentencing); *see also United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009) (holding that even when forfeiture is not orally pronounced at sentencing "the failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36.").

Here, the Court issued a preliminary order of forfeiture.[4] At his rearraignment, defendant acknowledged the notice of forfeiture in the indictment. Moreover, defendant's plea agreement specifically acknowledged the forfeiture, as it states that "defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document."[5]

---

4     R. Doc. 46.
5     R. Doc. 43 at 4.

2

Defendant acknowledged he had read the plea agreement. Defendant therefore had abundant notice of the forfeiture at the time of sentencing. And because defendant had notice, the Court grants the government's motion to amend the judgment.

New Orleans, Louisiana, this ___16th___ day of January, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE