UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-160 |
| MELVIN J. WALKER | SECTION "R" (4) |

**ORDER AND REASONS**

Melvin J. Walker moves for compassionate release, home confinement, and appointment of counsel.[1] The Government opposes the motion.[2] Because Walker fails to demonstrate that he satisfies the exhaustion requirement for compassionate release, the Court denies his request. The Court also denies Walker's motion for home confinement. Finally, the Court finds that appointment of counsel is not in the interest of justice and denies his request.

## I. BACKGROUND

On August 22, 2018, Walker pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[3] According to

---

1 R. Doc. 107.
2 R. Doc. 109.
3 R. Doc. 11.

the factual basis that Walker signed, he was convicted on August 2, 2010 of a felony in the Criminal District Court for the Parish of Orleans for possessing with intent to distribute marijuana, in violation of Louisiana Revised Statutes § 14:966(A)(2).[4] On July 23, 2017, Jefferson Parish Sheriff's Deputies stopped Walker in a "routine traffic matter," leading to his arrest and imprisonment.[5] The next day, FBI agents drove to Walker's residence, received consent from his wife to search the premises, and discovered four pistols.[6]

On November 13, 2019, the Court sentenced Walker to 115 months' imprisonment, to be followed by a three-year term of supervised release.[7] At the time defendant filed his motion, he was incarcerated at FTC Oklahoma.[8] He has since been transferred to Beaumont Low FCI.[9] He has a projected release date of September 22, 2027.[10]

---

4 R. Doc. 42 at 2.
5 *Id.* at 1.
6 *Id.*
7 R. Doc. 80 at 2-3.
8 R. Doc. 107 at 1.
9 Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited November 12, 2020).
10 *Id.*

## II. DISCUSSION

### A. Compassionate Release

Before a federal court will assess the merits of a motion for compassionate release, defendants must show they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. 2020 Sept. 3, 2020).

In addition, the Fifth Circuit held that the exhaustion requirement is a "mandatory claim-processing rule." *Id.* at 468. Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). Here, the Government argues that Walker failed to comply with the exhaustion requirement, so the Court must enforce the rule. The movant carries the burden of demonstrating

exhaustion. *See United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (stating that the defendant bears the burden of demonstrating exhaustion).

Walker alleges that he exhausted his administrative remedies by sending a request to the warden of Oklahoma FTC on July 22, 2020.[11] But he has provided no records to support his claim. The Government states that, according to the BOP, there is no record of Walker's July 22 application.[12] Instead, it contends that the BOP has received just two emails, dated August 22, 2020 and August 29, 2020.[13] The Government has supplemented the record with these emails. In the first, sent to the staff of Oklahoma FTC, Walker asks, "is the compassionate release coordinator going to get back to me about my application?"[14] In the second, which Walker sent after BOP transferred him to Beaumont Low FCI, he asks for compassionate release because of "compelling mental/physical health" reasons.[15]

---

11 R. Doc. 107 at 1.
12 R. Doc. 109 at 12.
13 *Id.*
14 R. Doc. 109-2 at 1.
15 R. Doc. 109-3 at 1.

Walker sent both of his August 2020 communications within 30 days of the date he filed his motion in federal court, August 31, 2020.[16] He does not state whether he has appealed a decision by the BOP not to bring a motion on his behalf; nor has he allowed the requisite thirty-day period to lapse. As such, Walker fails to demonstrate that he has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). This creates a "glaring roadblock" to Walker's motion for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, the Court must dismiss his motion without prejudice. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

**B. Home Confinement**

Walker's motion includes a request for home confinement. But the Court cannot order that relief, as the relevant statute gives only the BOP the ability to place a defendant on home confinement. *See* 18 U.S.C. § 3582(c)(2) ("The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."); *see also United States v.*

16 *See* R. Doc. 107.

*Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration."). To the extent defendant seeks an order from this Court placing him in home confinement, the Court lacks authority to grant his request. Accordingly, the Court must deny Walker's motion for home confinement.

**C. Appointment of Counsel**

Finally, Walker moves for the Court to appoint counsel.[17] There is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). A Court may appoint counsel in a compassionate release proceeding if it finds doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at * 2 (E.D. La. Aug. 7, 2020); *United States v. Mogan*, No. 14-40, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *cf. United States v. Moore*, 400 F. App'x 851, 852-3 (5th Cir. 2010) (noting that "[t]here is no right to appointed counsel in a § 3582(c)(2) proceeding" and that "the

---

17 R. Doc. 107 at 3.

interest of justice did not require" appointment of counsel). As the Fifth Circuit has stated, "the interest of justice [does] not require the appointment of counsel" when a motion does "not involve complicated or unresolved issues." *Moore*, 400 F. App'x at 852; *cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (finding that it is "in the interest of justice" to appoint counsel in a § 3582(c)(2) proceeding where an appeal involved unresolved questions of Fifth Circuit law). Because Walker's motion does not involve complicated or unresolved issues, the Court finds that appointment of counsel would not serve the interest of justice. Accordingly, the Court denies his request for appointment of counsel.

## III. CONCLUSION

For the foregoing reasons, Walker's motion for compassionate release is DENIED WITHOUT PREJUDICE. His motion for home confinement is DENIED, and his motion for appointment of counsel is DENIED.

New Orleans, Louisiana, this 16th day of November, 2020.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE