UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-160 |
| MELVIN J. WALKER | SECTION "R" (4) |

## ORDER AND REASONS

Before the court is defendant Melvin J. Walker's motion seeking credit for time served.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

On July 23, 2017, Jefferson Parish Sheriff's Office deputies stopped Melvin Walker as part of a routine traffic stop.[3] During the stop, officers recovered cocaine and marijuana from defendant's vehicle.[4] Walker was subsequently arrested in Jefferson Parish.[5] The next day, federal officials

---

[1]  R. Doc. 123. Defendant also filed a supplemental brief in support of his initial motion. R. Doc. 125.
[2]  R. Doc. 130.
[3]  R. Doc. 69 ¶ 13.
[4]  *Id.*
[5]  *Id.*

drove to Walker's residence, received consent from his wife to search the premises, and discovered several firearms and controlled substances.[6] As a result of the search, a federal criminal complaint was filed against Walker for being a felon in possession of a firearm and for possession with the intent to distribute controlled substances.[7] Walker made his initial appearance before Magistrate Judge Michael North on July 26, 2017, and was remanded to the custody of the U.S. Marshal.[8]

On August 24, 2017, a federal grand jury returned a four-count indictment against Walker, charging him with two counts of knowingly and intentionally distributing a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of knowingly possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[9] On August 22, 2018, Walker pleaded guilty to being a felon in possession of a firearm.[10] On November 13, 2019, the Court sentenced defendant to 115 months' imprisonment.[11] On January

---

[6]   *Id.* ¶ 14.
[7]   R. Doc. 1.
[8]   R. Doc. 3; *see also* R. Doc. 6 at 2.
[9]   R. Doc. 11.
[10]  R. Doc. 41.
[11]  R. Doc. 80.

30, 2020, Walker was sentenced in Jefferson Parish to two years' imprisonment for unrelated state charges, with credit for time served from July 23, 2017 to January 29, 2020.[12]  He completed his state sentence on July 23, 2019, and began receiving credit toward his federal sentence from July 24, 2019 onwards.[13]

On June 21, 2021, defendant filed the instant motion.  In his motion, defendant seeks: (1) an amendment to this Court's judgment to run his state and federal sentences concurrently; and (2) credit for time served toward his federal sentence for the time he spent in custody pending his federal sentencing.[14]  The Government opposes both of defendant's requests, arguing: (1) that this Court did not order defendant's federal sentence and any state sentence to run concurrently, (2) that the state maintained primary jurisdiction over the defendant during the time in which he seeks credit for time served, and (3) that this Court lacks jurisdiction now to alter its sentence or to compute defendant's jail-time credit.[15]

---

[12]   R. Doc. 130-1 at 1; *see also* R. Doc. 123-2 at 1.
[13]   R. Doc. 123-2 at 1.
[14]   R. Doc. 123.
[15]   R. Doc. 130 at 2-5.

3

## II. DISCUSSION

First, defendant seeks an amendment to this Court's judgment that would permit his state and federal charges to run concurrently.[16] Federal courts have discretion to decide whether to order a federal sentence to run concurrently or consecutively with respect to other sentences, including "anticipated state sentences." *Setser v. United States*, 566 U.S. 231, 236 (2012). Under 18 U.S.C. § 3584(a), the default presumption is that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). And if sentences run consecutively, a defendant can receive credit only for time served for one of those sentences. 18 U.S.C. § 3585(b). Given that this Court did not use its discretion to order that Walker's federal sentence run concurrently with any anticipated state sentence, the default presumption of consecutive sentences applies. Further, because Walker already received credit for time served as to his term of imprisonment for his state charges, he cannot also receive federal credit for

---

[16] R. Doc. 123 at 1.

that same period of time. Accordingly, sections 3584 and 3585 preclude the relief that defendant seeks.

Moreover, courts lack the authority to retroactively modify a sentence, except in limited circumstances. *See United States v. Zabala-Molina*, 400 F. App'x 872, 874 (5th Cir. 2010) (stating that courts are authorized to modify previously imposed sentences only in limited circumstances as set forth in 18 U.S.C. § 3582(c)). Section 3582(c) authorizes a district court to modify a previously imposed sentence in the following situations: (1) "[u]pon motion of the Director of the Bureau of Prisons . . . if [the court] finds" that special circumstances exist; (2) if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) if "a sentencing range . . . has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (noting that a sentencing court is authorized to make "only a limited adjustment to an otherwise final sentence," and lacks "plenary resentencing [power]"). Walker has presented no evidence or argument that any of these circumstances exist in his case. Accordingly, the Court may not amend its judgment to have his federal sentence run concurrently to his state sentence.

In the alternative, defendant requests that the Court provide him federal credit for time served in custody since July 26, 2017.[17] But this Court also lacks the authority to award defendant credit for time served. Once a court sentences a defendant, the responsibility for administering that sentence is turned over to the Attorney General, acting through the Bureau of Prisons ("BOP"). *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (holding that a court may not directly award credit against a federal sentence for time spent in official detention, and that the Attorney General must compute the credit under 18 U.S.C. § 3585(b)). It is therefore the province of the BOP, not this Court, to determine whether Walker is entitled to the credit he seeks.

For the first time in his reply memorandum, defendant asserts that, "irrespective of the time served issues," the federal government "never held a constitutional right to charge and convict Melvin Walker to any sentence."[18] Walker argues that, because the guns recovered from his residence had no interstate-commerce nexus, this Court lacks jurisdiction over Walker's case and his conviction should thus be overturned.[19] As an initial matter, setting aside whether this motion is the proper vehicle for a constitutional challenge

---

[17]  R. Doc. 125 at 2.
[18]  R. Doc. 131 at 2.
[19]  *Id.*

6

to defendant's conviction and sentence, the Court finds that defendant has waived this argument, because he did not raise it in either his initial or supplemental motions. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived." (citing *Knighten v. Comm'r*, 702 F.2d 59, 60 n.1 (5th Cir. 1983))). Further, the factual basis signed by defendant establishes that the Government had a sufficient basis to charge defendant as a felon in possession of a firearm.[20] Finally, at defendant's rearraignment, the Court outlined the factors that the Government would be required to prove before Walker could be found guilty of count three, including that it must be shown beyond a reasonable doubt that the firearm possessed by defendant "traveled at some time from one state to another" and thus "was in or affecting commerce."[21] Accordingly, the Court denies defendant's request to dismiss his conviction for lack of jurisdiction.

---

[20] R. Doc. 42.
[21] R. Doc. 41.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motions[22] for credit for time served.

New Orleans, Louisiana, this __21st__ day of April, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22]   R. Doc. 123 & 125.