UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-160 |
| MELVIN J. WALKER | SECTION "R" (4) |

## ORDER AND REASONS

Before the court is defendant Melvin J. Walker's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

On July 23, 2017, Jefferson Parish Sheriff's Office deputies stopped Melvin Walker as part of a routine traffic stop.[3] During the stop, officers recovered cocaine and marijuana from Walker's vehicle.[4] Walker was

---

[1] R. Doc. 133.
[2] R. Doc. 140.
[3] R. Doc. 69 ¶ 13.
[4] *Id.*

subsequently arrested.[5] The next day, federal officials drove to Walker's residence, received consent from his wife to search the premises, and discovered several firearms and controlled substances.[6] As a result of the search, a federal criminal complaint was filed against Walker for being a felon in possession of a firearm and for possession with the intent to distribute controlled substances.[7] Walker made his initial appearance before Magistrate Judge Michael North on July 26, 2017, and was remanded to the custody of the U.S. Marshal.[8]

On August 24, 2017, a federal grand jury returned a four-count indictment against Walker, charging him with two counts of knowingly and intentionally distributing a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of knowingly possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).[9] On August 22, 2018, Walker pleaded guilty to being a felon in possession of a firearm in exchange for the government's agreement to dismiss the remaining counts in the

---

[5]   *Id.*
[6]   *Id.* ¶ 14.
[7]   R. Doc. 1.
[8]   R. Doc. 3; *see also* R. Doc. 6 at 2.
[9]   R. Doc. 11.

2

indictment.[10] On November 13, 2019, the Court sentenced defendant to 115 months' imprisonment.[11]

Defendant timely noticed an appeal, but voluntarily dismissed it on July 2, 2020.[12] Two months later, he filed a pro se "motion to proceed on appeal" in this Court, which the Clerk's office construed as a notice of appeal from his original judgment.[13] The Fifth Circuit docketed it in a new direct criminal appeal, which it later dismissed as frivolous because the appeal was untimely filed.[14]

Defendant also moved this Court for credit for time served, which this Court denied.[15] Defendant appealed this Court's decision, which the Fifth Circuit dismissed for failure to prosecute.[16]

Defendant now moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[17] In his motion, defendant contends

---

[10] R. Doc. 69 ¶ 6.
[11] R. Doc. 80.
[12] R. Doc. 106 at 1.
[13] R. Doc. 113.
[14] *United States v. Walker*, No. 20-30606, R. Doc. 113 at 2 ("It is dispositive that the Government has declined to waive the untimeliness of Walker's appeal. . . . Thus, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.").
[15] R. Doc. 132.
[16] R. Doc. 142.
[17] R. Doc. 133.

that this Court lacked jurisdiction to sentence him because the United States lacked standing to prosecute him.[18] In support of that position, defendant contends that the firearm he possessed was not involved in interstate commerce.[19] He also contends that his sentence violated his Second Amendment rights.[20]

In opposition, the government contends that defendant's motion is procedurally improper because it is untimely and procedurally defaulted,[21] and because defendant waived his right to bring this motion when he entered his plea of guilty.[22] The government also contends that the motion is substantively meritless.[23]

The Court considers the parties' arguments below.

---

[18]   *Id.* at 4; R. Doc. 133-1.
[19]   *Id.* at 4.
[20]   *Id.* at 5. Defendant also cites, in the form attached to his motion, violations of the Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments, R. Doc. 133 at 7, but does not advance arguments related to these alleged violations in his supporting memorandum except to say that federal involvement in this prosecution violated the Tenth Amendment, R. Doc. 133-1 at 5.
[21]   R. Doc. 140 at 5-10.
[22]   *Id.* at 10-12.
[23]   *Id.* at 13-15.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 18, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 55, 558 (5th Cir. 1980). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

The Court begins by addressing the threshold issues of whether Walker's claims have been waived and whether his motion was timely filed. The Court then determines that even if Walker's motion were procedurally proper, it is substantively meritless.

### A. Threshold Issues

In his plea agreement, Walker waived his right to appeal or collaterally challenge his sentence, including through a § 2255 motion, with two limited exceptions: Walker retained the right to appeal any sentence imposed in excess of the statutory maximum and the right to raise a claim of ineffective assistance of counsel.[24] "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). To determine the validity of a waiver, the court must consider two questions: (1) whether the waiver was knowing and voluntary, and (2) whether, "under the plain language of the plea agreement,

---

[24] R. Doc. 43 at 3.

6

the waiver applies to the circumstances at issue." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Walker does not contend that his waiver was involuntary or uninformed, nor does the record support such an inference. The plea agreement clearly outlines the terms of the waiver, which Walker signed.[25] During his rearraignment hearing, the Court reviewed the appeal waiver with the defendant and confirmed that he understood that he was waiving these rights.[26] Walker also confirmed that his lawyer explained his appeal rights and the effect of waiving them.[27] Walker's counsel likewise represented to the Court that he explained to Walker his appeal rights and the effect of waiving these rights.[28] The Court found, based on Walker's testimony, that he was pleading guilty knowingly and voluntarily.[29] The Court thus finds that the waiver is valid and enforceable. *See United States v. Owens*, 302 F. App'x 318, 319 (5th Cir. 2008) (waiver was valid and enforceable where defendant and his counsel signed plea agreement, defendant was informed

---

[25] R. Doc. 43.
[26] R. Doc. 103 at 13:2-11.
[27] *Id.* at 13:12-14.
[28] *Id.* at 14:9-11.
[29] *Id.* at 1:19-25.

7

during his rearraignment that he was waiving his right to appeal or otherwise challenge his conviction, and defendant stated that he understood).

According to the terms of the plea agreement, Walker waived "any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under" section 2255.[30] Neither of the two exceptions to the waiver apply here. Walker was not sentenced in excess of the statutory maximum—he was sentenced to a term of 115 months imprisonment,[31] which is five months shorter than the statutory maximum of ten years. Nor does he contend that his counsel provided ineffective assistance. Accordingly, "under the plain language of the plea agreement," the waiver appears to "appl[y] to the circumstances at issue." *Keele*, 755 F.3d at 754.

Walker contends that the waiver does not apply here because his motion calls into question the Court's jurisdiction. In support of his argument, Walker argues that he committed no crime against the United States because the firearm he possessed "was not involved in a transactional interstate commerce event."[32] Because he did not engage in any firearm-related commercial transactions by merely possessing a firearm that was manufactured abroad, Walker asserts that Congress lacked the authority to

---

[30] R. Doc. 43 at 3.
[31] R. Doc. 80 at 3.
[32] R. Doc. 133-1 at 4.

8

criminalize his conduct under the Commerce Clause.[33] He also argues that his conviction violates his Second Amendment rights in contravention of the Supremacy Clause.[34]

Presumably, Walker casts his challenge as a jurisdictional one because "subject matter jurisdiction can never be forfeited or waived." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). Walker's contention that his claim is not waived because it is jurisdictional in nature misapprehends the law. "Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *Id.* (internal quotation marks omitted). "A federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *Id.* (cleaned up). "The objection that the indictment does not charge a crime against the United States goes only to the merits of the case and does not affect subject matter jurisdiction." *Id.* at 263 (cleaned up).

In substance, Walker's challenge goes to the constitutionality of his statute of conviction. In the context of direct appeals, the Fifth Circuit has made clear that when a plea agreement "does not specifically waive the right

---

33   *Id.* at 6.
34   *Id.* at 5.

to attack the constitutionality of [the statute of conviction]," the waiver does not preclude such an appeal. *United States v. Castillo-Suarez*, 215 F. App'x 361, 362-63 (5th Cir. 2007); *see also United States v. Diaz-Zavala*, 180 F. App'x 511, 512 (5th Cir. 2006) (holding that defendant who waived his right to appeal sentence unless he was sentenced in excess of the statutory maximum was not precluded from appealing the constitutionality of his statute of conviction because the "plea agreement does not specifically waive the right" to bring such a claim). The waiver in Walker's plea agreement does not specifically address the right to attack the constitutionality of the statute of his conviction; rather, it broadly waives direct appeals and collateral challenges but for two narrow exceptions. Because the Court must construe the waiver "against the government as the drafter of the plea agreement," *id.*, the Court will assume without deciding that the broad waiver at issue here does not preclude challenges to the constitutionality of 18 U.S.C. § 922(g).

Even if Walker has not waived his right to collaterally challenge to the constitutionality of his statute of conviction,[35] Walker's motion is untimely.

---

35 Although the Fifth Circuit has permitted claimants to raise issues on direct appeal regarding the constitutionality of their statutes of conviction despite agreeing to waive their appeal rights, this Court is aware of no Fifth Circuit authority expressly holding the same for section 2255 motions. At least one district court in this circuit has found that a similar section 2255 motion challenging a statute of

Petitions for habeas relief brought pursuant to 28 U.S.C. § 2255 are subject to one-year limitations periods, which run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The only applicable date here is the first: the date on which the judgment of conviction becomes final. A judgment of conviction "becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires." *United States v. Morgan*, 845 F.3d

---

conviction was waived. *See Randall v. United States*, No. 05-063(2), 2009 WL 10705360, at *8 (W.D. Tex. July 9, 2009).

664, 666 n.1 (5th Cir. 2017) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Walker timely appealed his judgment, but voluntarily dismissed his appeal on July 2, 2020.[36] The Fifth Circuit has suggested in dicta that a judgment becomes final for purposes of section 2255 upon the voluntary dismissal of an appeal. *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) ("[I]t may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible and, thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 225, although at least one court has taken a contrary view."); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari."); *see also Silva v. United States*, No. 21-044, 2022 WL 17069155, at *2 (N.D. Tex. Nov. 2, 2022) ('[T]he majority of federal courts to consider the issue, including courts in this district, have held that a habeas petitioner's judgment becomes final for limitations purposes on the date the direct appeal is dismissed) (collecting

---

36     R. Doc. 106.

cases). Regardless of whether Walker's petition became final for limitation purposes upon his voluntarily dismissal of his appeal on July 2, 2020, or upon expiration of the period to file a petition for certiorari on September 30, 2020, his motion is untimely, as both of those dates fall more than one year before Walker filed this motion in April of 2022.[37] *See, e.g., United States v. Hoofkin*, No. 14-168, 2018 WL 5619993, at *1 & n.8 (E.D. La. Oct. 29, 2018) (denying section 2255 motion as untimely because the date petitioner voluntarily dismissed his appeal and the date to file a petition for certiorari both fell more than one year before section 2255 motion was filed).

Walker contends that his judgment is not final because, at the time he filed this motion, his judgment was on appeal to the Fifth Circuit.[38] It is true that as of the time Walker filed this motion, his second appeal had not yet been dismissed as untimely. Nevertheless, an untimely notice of appeal does not toll the limitations period for a section 2255 action. *See United States v. Plascencia*, 537 F.3d 385, 389 n.17 (5th Cir. 2008) (defendant should not be permitted to "rescind . . . finality and obtain tolling of the limitations period by filing a non-effective late notice [of appeal] no matter how much time has

---

[37]  R. Doc. 133-1. Before filing this motion, Walker moved for leave to file a section 2255 motion in February of 2022, and he filed a deficient section 2255 motion in March of 2022. Those dates also fall more than one year later than September 2020.

[38]  R. Doc. 133 at 12.

13

passed after the conviction"); *see also Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) ("[T]he mere filing of a late notice of appeal is not sufficient . . . to render a final conviction nonfinal for purposes of § 2255."); *Camillo-Amisano v. United States*, No. 16-2173, 2017 WL 4325788, at *2 (N.D. Tex. Aug. 31, 201) ("Movant's second, untimely notice of appeal did not change the date on which his conviction became final.").[39]

### B. Merits

Even if Walker's motion were procedurally proper, it is substantively meritless. The primary argument that Walker advances is that because his possession of a firearm did not involve an interstate commercial transaction, Congress exceeded its authority in violation of the Tenth Amendment by criminalizing Walker's conduct. In essence, he contends that, although his firearm was manufactured abroad, his conduct lacked a nexus to interstate commerce. The Fifth Circuit has already "concluded that section 922(g)(1)

---

[39] The government also contends that Walker's claims are procedurally defaulted because he dismissed his appeal, which precluded him from raising to the Fifth Circuit "any of the issues of which he now complains." R. Doc. 140 at 9-10. The Court notes that Walker did raise these issues in his second appeal, which was dismissed as untimely. *United States v. Walker*, No. 20-30606 at R. Doc. 86. In any event, the Court need not reach the question of whether these claims are procedurally defaulted because it concludes that Walker's claims are untimely and substantively meritless.

14

is a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). The "interstate commerce requirement" is met when a gun travels in interstate commerce. *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003). Walker's claim that section 922(g)(1) violates the Tenth Amendment thus fails. *Id.* ("Insofar as [defendant] challenges the constitutionality of section 922(g)(1) under the Tenth Amendment, we have recognized . . . that the statute is a valid exercise of the congressional authority to regulate interstate commerce[.]" (internal quotation marks omitted)); *see also United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999) ("This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.").

Walker's Second Amendment claim fares no better. The Fifth Circuit has made clear that "Section 922(g)(1) does not violate the Second Amendment." *Darrington*, 351 F.3d at 634. The individual right recognized by the Second Amendment "does not preclude the government from prohibiting the possession of firearms by felons." *Id.* Indeed, "it is clear that

felons, infants and those of unsound mind may be prohibited from possessing firearms." *Id.* (internal quotation marks omitted).

Although Walker's motion refers to other constitutional amendments, these two arguments are the ones he advances in his memorandum, and both are frivolous. Accordingly, even if Walker's motion were procedurally proper, it would still fail on the merits.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __10th__ day of January, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE