UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                      NO. 17-160

MELVIN WALKER                                    SECTION "R" (4)


**<u>ORDER AND REASONS</u>**


Before the Court is defendant Melvin Walker's opposed motion to "determine ineffective assistance of counsel."[1]  For the following reasons, the Court denies Walker's motion.


## I.      BACKGROUND

On August 22, 2018, Walker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] On November 13, 2019, the Court sentenced Walker to 115 months' imprisonment, to be followed by a three-year term of supervised release.[3]  In August 2020, Walker filed a motion for compassionate release based on

---

[1]      R. Doc. 152.
[2]      R. Doc. 80 at 1.
[3]      *Id.* at 2-3.

medical concerns.[4]  The Court denied Walker's motion, finding that he failed to exhaust his administrative remedies.[5]  Walker then filed a motion to run his state and federal terms of imprisonment concurrently, and a motion to receive credit for time he served in state custody before he was convicted in federal court.[6]  The Court denied both motions.[7]  Walker next filed a habeas petition under 28 U.S.C. § 2255 challenging his conviction and sentence,[8] which the Court denied.[9]

Walker now moves the Court to determine that he has received ineffective assistance of counsel, and allow him to plead guilty "to another charge."[10]  The Government opposes the motion, contending that it is a second or successive habeas petition that Walker has not sought authorization from the Fifth Circuit to file.[11]

The Court considers the motion below.

## II.   LAW AND ANALYSIS

---

[4]     R. Doc. 107.
[5]     R. Doc. 119.
[6]     R. Docs. 123 & 125.
[7]     R. Doc. 132.
[8]     R. Doc. 133.
[9]     R. Doc. 143.
[10]    R. Doc. 152.
[11]    R. Doc. 154.

Walker's motion asserts that he received ineffective assistance of counsel at various stages in these proceedings.[12]  Because Walker challenges the legality of his conviction and sentence, his motion must be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *See Castro v. United States*, 540 U.S. 375, 381-82 (2003); *United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. 2012).  Given that Walker's petition raises arguments that he could have made during his initial collateral proceedings, his petition is "second or successive."  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second' or 'successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))).

Under § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).  Here, there is nothing in the

---

[12]      R. Docs. 152.

3

record that indicates Walker sought authorization from the Fifth Circuit to file this successive petition.  Consequently, this Court lacks jurisdiction to review Walker's petition.   The Court dismisses Walker's motions to determine ineffective assistance of counsel.  *See United States v. Mason*, 116 F. App'x 469, 470 (5th Cir. 2004) (holding that, without authorization from the Fifth Circuit, the "district court would have been required to dismiss [defendant's] motion for lack of jurisdiction"); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

## III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES Walker's motion for lack of jurisdiction.

New Orleans, Louisiana, this   22nd   day of July, 2024.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE